ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN OVERBY | § | |
| | § | |
| VS. | § | 3-08CV1649-D |
| | § | |
| ALLIED INTERSTATE, INC. | § | JURY TRIAL DEMANDED |

# COMPLAINT

## JURISDICTION

1. The jurisdiction of this Court attains pursuant to 15 U.S.C. §1692 et seq, the Fair Debt Collection Practices Act ("FDCPA") for which jurisdiction is proper in this Court. 15 U.S.C. §1692k(d) and state law claims supplemental thereto. Venue lies in the Northern District of Texas since Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## PARTIES

2. Plaintiff, Brian Overby, is a natural person whose permanent address is in Dallas, Texas and is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA. Plaintiff is a resident and citizen of the State of Texas.

3. Defendant, Allied Interstate, Inc., is a corporation organized under the laws of the state of Minnesota, not registered to conduct business in Texas, and may be served with process by serving its registered agent for service of process: Edward T. Burke, 11222 Richmond, Suite 160, Houston, Texas 77082.

## FACTUAL ALLEGATIONS

5. Plaintiff is an individual consumer as defined by 15 U.S.C. §1692a(3).

6. Defendant Allied Interstate, Inc. is a debt collector as defined by the FDCPA and Texas Debt Collection Practices Act.

7. On or about June 6, 2008, Allied Interstate, Inc., sent a demand letter to Plaintiff attempting to collect a debt alleged to be due to the original creditor, Sprint. Plaintiff does not believe

the debt is a valid debt.

8. On or about June 19, 2008, Plaintiff sent a letter to Allied Interstate requesting verification of the debt, and further disputing the debt.

9. No response to Plaintiff's letter has been received. Instead, on or about August 6, Allied Interstate sent a second collection letter to Plaintiff.

## CAUSES OF ACTION

### COUNT I

11. Plaintiff re-alleges and incorporates paragraphs 1 through 10 above as if fully set out herein.

12. Allied Interstate, Inc. is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a(6).

13. Defendant has violated 15 U.S.C.§1692g by failing to respond to Plaintiff's request for validation of the debt.

14. Defendant has violated 15 U.S.C.§1692e(2)(A) by falsely representing the character, amount, or legal status of a debt.

### COUNT II

15. Plaintiff re-alleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. In violation of Tex. Fin. Code §392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

17. In violation of Tex. Fin. Code §392.202, the Defendant did not investigate Plaintiff's dispute and did not respond to Plaintiff's request and continued to report the debt, not marked disputed, on Plaintiff's credit report.

### COUNT III

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 above.

19.     Pursuant to Tex. Fin.Code §392.404, the Defendant's violations of the Texas Debt Collection Practices Act also constitute a deceptive trade practice Subchapter E, Chapter 17, Business and Commerce Code ("DTPA"), and is actionable under that chapter.

20.     The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

21.     The foregoing acts and omissions of the Defendant were undertaken wilfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

22.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity of rights of the Plaintiff.

23.     By reason of the allegations in this petition, the Texas Debt Collection Practices Act and Fair Debt Collection Practices Act, , Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court:

1.  Declare that Defendant's actions violate the FDCPA and TDCPA.

2.  Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, costs, and reasonable attorney fees as provided by 15 U.S.C.§1692k(a) and/or Tex. Fin.Code Ann. §392.403.

3.  Grant such further relief as deemed just.

TRIAL BY JURY IS DEMANDED.

                              Respectfully submitted,

                              */s/ Sharon Campbell*
                              Sharon K. Campbell
                              State Bar # 03717600
                              3100 Monticello Ave., Suite 500
                              Dallas, Texas 75206
                              Telephone: 214/351-3260
                              Fax: 214/265-7626
                              Sharon@SharonKCampbell.com

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Brian Overby   ORIGINAL

**DEFENDANTS**
Allied Interstate, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
SEP 1 9 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sharon Campbell
3100 Monticello Ave, Suite 500
Dallas, TX 75205 / 214 351 3260 / 214 265-7626

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Federal Debt Collection Practices Act by failing to verify

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9-18-08   SIGNATURE OF ATTORNEY OF RECORD Sharon Campbell

FOR OFFICE USE ONLY
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___